IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION, JACK GRYNBERG and GRYNBERG PETROLEUM COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM C. MARTUCCI, YAMEL GONZALEZ, et al.,<br><br>Defendants. | Civil Action No.: 11-CV-1459 (DMC-JAD)<br><br>OPINION |

**DICKSON, U.S.M.J.** :

This matter comes before the court upon application by *pro se* Defendant William C. Martucci ("Martucci")) for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the parties' submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

I.  **Background**

On March 15, 2011, Plaintiffs Pricaspian Development Corporation, Jack Grynberg and Grynberg Petroleum Company ("Plaintiffs") filed a complaint pursuant against Martucci and other individual and corporate defendants (collectively, "Defendants"). In their Complaint, Plaintiffs allege that on or about January 5, 2011, Plaintiffs obtained a judgment in the amount of $3,601.947.04 against defendants First Unity, Inc.[1] ("First Unity"), E-Cash, Inc. and Tom

---

[1] The Defendants include First Unity, Inc., a New Jersey Corporation, and First Unity, Inc., a Nevada Corporation, both of which are owned and controlled by Martucci.

1

Black.  Plaintiffs allege that the judgment was based, in part, upon a money transfer Plaintiffs made in December 2005 to First Unity in the amount of $1,000,000 to purchase First Unity stock.  Plaintiffs allege that Martucci, with the help of accomplices, subsequently converted the money transferred to First Unity by transferring it to numerous corporate entities and individuals (collectively the "Defendant Accomplices"), each of which is also a defendant in this action, for Martucci's and the Defendant Accomplices benefit and to prevent Plaintiffs from collecting on their judgment against First Unity and E-Cash.

As a result, Plaintiffs assert the following claims (1) piercing the corporate veil; (2) tortious interference with Plaintiff's economic interest; (3) civil conspiracy; (4) violation of N.J.S.A. 2A:2-20 *et seq.*; (5) fraudulent conveyance; (6) unjust enrichment; (7) racketeering in violation of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1956 preventing Plaintiffs from satisfying their judgment; and (8) racketeering in violation of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1956 preventing Plaintiffs from seizing the assts of First Unity and E-Cash.

On April 26, 2011, Martucci filed an Answer and Counterclaim in which he denied every allegation in the Complaint and asserted three counterclaims against Plaintiffs, including defamation, invasion of privacy, and infliction of emotional distress.  Martucci additionally included in his Answer and Counterclaim a motion to dismiss the Complaint for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim.

On April 28, 2011, Martucci filed with the Court a Notice to Produce Documents to Plaintiffs dated April 28, 2011, which includes fifty-four (54) separate and specific document requests.

Martucci subsequently filed his Application for Pro Bono Counsel on April 26, 2011. In his Application, Martucci states that he lacks the ability to present an effective case without an attorney and claims to lack the resources necessary to obtain counsel because he is unable to find employment due to his age and health conditions. Martucci claims that his only source of income is a monthly Social Security check in the amount of $1,701.00. In their opposition to Martucci's motion, Plaintiffs argue that Martucci is misrepresenting the fact that he has "no money" and state that he, in fact, has significant funds, owns properties in Florida and New Jersey, owns a business in New Jersey, and owns a thoroughbred race horse. Plaintiffs also argue that Martucci utilizes various entities to conceal his assets. In reply, Martucci states that Plaintiffs claims are inaccurate and reiterates that he has no source of income other than his monthly Social Security checks. Martucci also denies owning any business and claims that friends and relatives were responsible for paying his filing fees.

## II.   Discussion

The district court has broad discretion in appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). When considering a request for pro bono counsel, the district court must consider several evaluative factors, including whether: (1) the *pro se* party's claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro* se party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the *pro se* is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the *pro se* party is unable afford counsel on his/her behalf. See

Parham v. Johns, 12 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). While no single factor is determinative, the Third Circuit has emphasized that as a threshold issue, the district court must make a determination as to the merits of the *pro se* party's claims before engaging in further evaluation. See Tabron, 6 F.3d at 155.

Here, although Martucci claims that he cannot afford legal counsel, Plaintiffs argue otherwise. Accordingly, because the Court does not have sufficient evidence before it to assess which parties' statements are accurate, the Court cannot at this time determine whether Martucci is unable to afford counsel. Furthermore, because Martucci denies outright all of Plaintiffs' allegations in the Complaint and simply asserts counterclaims that are supported only by general and conclusory allegations, the Court is unable to determine whether Martucci's defense to Plaintiff's claims and/or Counterclaims have any merit. Notwithstanding, a review of the remaining factors weigh in favor of denying Martucci's motion.

Without looking to the merits of Martucci's defenses, the Court must look to Martucci's ability to defend himself and/or present his case in determining whether to appoint counsel. Tabron, 6 F.3d at 156. Here, Martucci has demonstrated through his active participation in this case that he has an adequate understanding of the claims asserted against him and his Counterclaims. Defendant filed an Answer, Counterclaims and Motion to Dismiss the Complaint, and has served Plaintiff with a Notice to Produce Documents with fifty-four (54) separate document requests. In doing so, Martucci has demonstrated that he is capable of performing the research necessary to develop his suit and that he has an understanding – albeit, according to him, limited - of the issues in this case. Indeed, although he claims that he lacks the familiarity with the rules of evidence needed to address the "complex" legal issues in this case, Martucci's response to the Complaint and his subsequent requests for documents reflect

that he has a sufficient understanding of both the Federal Rules of Civil Procedure and the legal issues at hand.

Furthermore, while a factual investigation of Plaintiffs' claims will be necessary, given the relative simplicity of the facts in the case, Martucci appears fully capable of conducting a sufficient investigation without counsel. Additionally, while issues of credibility potentially will have a significant impact on the outcome of the case – as is indicated by the parties' pending disagreement on Martucci's own financial status – such credibility issues do not appear to be so complex as to prevent Martucci from effectively presenting his defense and own claims. Moreover, at this point, it does not appear that either party will require expert testimony.

Finally, Martucci appears to have access to necessary resources such as a typewriter and/or computer, as well as the Federal Rules of Civil Procedure and presumably other legal resources, which suggests that he will be able to present an effective case without an attorney. Bondarenko v. Hackensack University Medical Center, 2008 WL 2242456, at *3 (D.N.J. May 29, 2008). Accordingly, the balance of the factors weighs against appointing counsel.

### III.   Conclusion

For the reasons stated, it is the finding of the Court that Defendant's application for appointment of *pro bono* counsel is denied. An appropriate Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.