NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION, et al., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 11-cv-1459 (DMC-MF) |
| WILLIAM MARTUCCI, et al., | |
| Defendants. | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

  This matter comes before the Court upon the Application of Defendant William C. Martucci ("Defendant") for the Appointment of Pro Bono Counsel. ECF No. 101. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Application is **denied**.

### I. BACKGROUND

  This is Defendant's second application for appointment of pro bono counsel in this matter. Magistrate Judge Joseph A. Dickson issued an Opinion and Order, dated June 13, 2011, denying Defendant's initial application. ECF No. 40, 41. The underlying facts of this case are more thoroughly discussed in Judge Dickson's Opinion, and will not be addressed here except as necessary to set forth the background for this Application.

  Following Judge Dickson's Opinion and Order, the parties exchanged numerous pre-trial

motions in this matter. Defendant filed the present Application on February 23, 2012, stating that he is on a fixed income of less than $22,000.00 per year from social security, has no assets, cannot find a job, and cannot afford an attorney. Plaintiffs filed Opposition papers on February 28, 2012, arguing that Defendant did not provide any proof of income in his most recent application, that Judge Dickson previously denied Defendant's first application, and that Defendant has actively litigated this case without assistance. ECF No. 104. Defendant filed a response on March 14, 2012. ECF No. 116. The matter is now before this Court.

## II.  LEGAL STANDARDS

District courts have authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C. § 1915(e)(1). Because civil litigants do not have a constitutional right to appointed counsel, the Third Circuit has stated that district courts should first determine whether a plaintiff's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 153, 155 (3d Cir. 1993), cert denied, 510 U.S. 1196 (1994). Assuming there is merit, the Third Circuit has set forth a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. Id. at 155-56. This Circuit has also emphasized "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915(d) indiscriminately." Simpson v. Federal Bureau of Prisons, No. 02-2313,

2005 WL 2387631 at *3 (M.D. Pa. Sept. 28, 2005) (citing Tabron, 6 F.3d at 157).

### III. DISCUSSION

Judge Dickson previously noted that a determination of the merits was not feasible, because Defendant's Answer outright denies all of Plaintiffs' allegations, and asserts his own counterclaims supported only by general conclusory allegations. The parties have not presented this Court with any reason to suggest that the litigation has advanced to a point where a determination of the merits of Defendant's defenses is now possible. Accordingly, the Court will move on to a consideration of the Tabron factors.

Defendant's Application and Reply focus almost exclusively on his own financial circumstances, and argue that he is not capable of retaining an attorney on his own. Plaintiffs argue that Defendant has not presented any actual evidence to this Court suggesting that this is true, and instead argue that Defendant "has access to a massive stockpile of cash." While Defendant, in Reply, has submitted exhibits pertaining to the origin and location of certain funds, these exhibits do not conclusively answer the question of what funds Defendant presently has access to. At this stage in the litigation, the Court is unable to determine whether Defendant is in fact incapable of affording an attorney. While this dispute leaves the question of Defendant's finances unanswered, it does indicate that credibility determinations could be important to the outcome of this case. As Judge Dickson previously noted, however, the credibility issues do not appear to be so complex that Defendant would not be able to effectively present his own defense.

In regards to Defendant's ability to present his case, Judge Dickson noted that Defendant's "response to the Complaint and his subsequent requests for documents reflect that he has a sufficient

understanding of both the Federal Rules of Civil Procedure and the legal issues at hand." Defendant's recent application provides this Court with no reason to suggest that circumstances have changed. Rather, Defendant's filing of ten motions to quash in this matter provides further evidence that Defendant is capable of litigating this case. This factor therefore weighs against the appointment of counsel.

Further, as Judge Dickson noted, while a factual investigation will be necessary for this case, and is indeed currently ongoing, Defendant has demonstrated a capacity to conduct such an investigation sufficiently well. Once again, Defendant's filing of multiple motions to quash further indicates his ability to comply with and make use of the discovery rules and process. Accordingly, this factor does not support the appointment of counsel.

As for the remaining factors, the Court finds that they do not weigh in favor of appointing counsel. The issues of this case do not appear to be especially complex. Nor does it appear likely that expert discovery will be necessary, as the parties have not indicated that such testimony will be required. Finally, in considering these factors, the Court is mindful that volunteer lawyer time is extremely valuable, and should not be granted indiscriminately. Accordingly, the Court finds that the balance of the Tabron factors weighs against appointing counsel.

**IV.   CONCLUSION**

For the reasons stated, Defendant's Motion is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       April   3  , 2012
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File