NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION, et al., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 11-cv-1459 (DMC-JBC) |
| WILLIAM MARTUCCI, et al., | |
| Defendants. | |

### DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the following Motions: i) Motion of Plaintiffs Pricaspian Development Corporation, Jack Grynberg, and Grynberg Petroleum Company (collectively "Plaintiffs") for Summary Judgment; ii) Cross-Motion for Summary Judgment by Defendants Richard Schaefer, Joseph Schaefer, and Anthony Sterbens; iii) Cross-Motion for Summary Judgment by William Martucci; iv) Cross-Motion for Summary Judgment by Gary Martucci; and v) Cross-Motion for Summary Judgment by Barbara Martucci. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering all of the parties' submissions and for the reasons stated herein, Plaintiffs' Motion is **denied**, the Motion of Richard Schaefer, Joseph Schaefer, and Anthony Sterbens is **granted in part and denied in part**, and the Motions of William Martucci, Gary Martucci, and Barbara Martucci are **denied**.

### I.     BACKGROUND

Plaintiffs have filed an eight count Complaint against Defendants William Martucci,

1

Barbara Queen, Gary Martucci, Yamel Gonzalez, Richard Schaefer, Joseph Schaefer, and Anthony Sterbens (collectively "Individual Defendants") and all entities named First Unity, Inc., all entities named E-Cash, Inc.,[1] Manufacturers Marketing Group, Inc. ("MMGI"), United Grocers Clearing House, Inc. ("UGCHI"), and POS Systems, Inc., ("POS") (collectively "Company Defendants"). Plaintiffs allege that Individual Defendants and Company Defendants engaged in a fraudulent scheme that prevented Plaintiffs from collecting on the $3,610,092.29 Colorado judgment that they received and later domesticated in New Jersey against First Unity and E-Cash and others. Plaintiffs further assert that because Individual Defendants and Company Defendants violated 18 U.S.C. § 1962(c), Plaintiffs are therefore entitled to treble damages in this matter pursuant to 18 U.S.C. § 1964(d) in the amount of $10,830,276.00, jointly and severally against Individual Defendants and Company Defendants.

Plaintiffs filed their first Motion for Summary Judgment on October 18, 2012 (ECF No. 208). Richard Schaefer, Joseph Schaefer, and Anthony Sterbens filed Motions to Dismiss on October 19, 2013 (ECF Nos. 212-13). Richard Schaefer, Joseph Schaefer, and Anthony Sterbens then filed a Cross-Motion for Summary Judgment on December 3, 2012 (ECF No. 223). Due to the filing of the Cross-Motion for Summary Judgment, this Court terminated the Motions to Dismiss filed by Richard Schaefer, Joseph Schaefer, and Anthony Sterbens. This Court denied Plaintiffs' first Motion for Summary Judgment on June 20, 2013 for failure to comply with L. Civ. R. 56.1 (ECF No. 245).

Plaintiffs filed the instant Motion for Summary Judgment on June 25, 2013. (ECF No.

---

[1] For purposes of this Opinion, "First Unity and E-Cash" shall collectively refer to the multiple Defendants with the names First Unity, Inc. and E-Cash Inc. that are incorporated in Nevada, Delaware, and New Jersey

2

248). William Martucci filed an Opposition and Cross-Motion for Summary Judgment on July 9, 2013 (ECF No. 257). Gary Martucci and Barbara Queen filed Cross-Motions for Summary Judgment on July 9, 2013 (ECF Nos. 258-59).[2] Richard Schaefer, Joseph Schaefer, and Anthony Sterbens withdrew their first Cross-Motion for Summary Judgment on July 11, 2013 (ECF No. 260). Richard Schaefer, Joseph Schaefer, and Anthony Sterbens then filed a second Cross-Motion to Dismiss and for Summary Judgment on August 5, 2013, relying on their first Motion to Dismiss and Motion for Summary Judgment (ECF No. 269). As this Court already terminated the first Motion to Dismiss filed by Richard Schaefer, Joseph Schaefer, and Anthony Sterbens due to the subsequent filing of their first Cross-Motion for Summary Judgment, it will consider only their second Cross-Motion for Summary Judgment in this Opinion. For the remainder of this Opinion, William Martucci, Richard Schaefer, Joseph Schaefer, and Anthony Sterbens will be referred to as the "Moving Defendants."

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists only if sufficient evidence is presented

---

[2] These Motions contain no case law and make no reference to specific counts in the Complaint. They also do not incorporate the more thorough Cross-Motions submitted by other Defendants. Accordingly, both of these Motions are denied.

3

favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC, 877 F. Supp. 2d 140, 147 (D.N.J. 2012) (citing Anderson, 477 U.S. at 256-57). To do so, "[a] party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." Id. (citing Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001)). Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. DISCUSSION

### A. Count One: Plaintiffs' Piercing the Corporate Veil

Plaintiffs assert that William Martucci utilized POS, MMGI, and UGCHI to conceal money converted from First Unity and E-Cash. Plaintiffs further assert that William Martucci utilized POS for his personal spending needs. As a result, Plaintiffs argue that this Court should pierce the corporate veils of POS, MMGI and UGCHI and allow Plaintiffs to treat the corporations' assets as the assets of William Martucci. Because this count only involves William Martucci, Richard Schaefer, Joseph Schaefer, and Anthony Sterbens do not address it in their Cross-Motion for Summary Judgment.

In New Jersey, two elements must be present in order to pierce the corporate veil. "First, there must be such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second the circumstances must indicate that

4

adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F.Supp.2d 668, 679 (D.N.J. 2009) (quoting The Mall at IV Group Properties, LLC v. Roberts, No. 02–4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005)). Piercing the corporate veil is an extraordinary measure and will only be permitted where the elements have been adequately pled. See Wrist Worldwide Trading GMBH v. MV Auto Banner, No. 10-2326, 2011 WL 5414307, at *6 (D.N.J. Nov. 4, 2011) ("[P]arroting of the alter-ego factors alone is insufficient to satisfy the required pleading standards").

The Third Circuit has listed a number of factors for courts to consider when deciding whether to pierce the corporate veil, including undercapitalization and the following:

> failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

Am. Bell Inc. v. Fed'n of Tel. Workers of Pennsylvania, 736 F.2d 879, 886 (3d Cir. 1984) (quoting DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 686-87 (4th Cir.1976)).

This Court finds that material issues of fact exist as to whether William Martucci utilized POS, MMGI, and UGCHI for his personal use and thus whether the corporate veil should be pierced. The very short section of Plaintiffs' brief that deals with this claim does not even address the Third Circuit factors for piercing the corporate veil. William Martucci has also made no reference to these factors. This district is hesitant to grant summary judgment on piercing the corporate veil claims, and neither Plaintiffs nor William Martucci have set forth enough evidence to prevail on summary judgment. New Jersey Dep't of Envtl. Prot. v. Gloucester Envtl. Mgmt.

Servs., Inc., 800 F. Supp. 1210, 1220 (D.N.J. 1992) ("[A] consideration of whether to pierce the corporate veil involves complex issues of law and fact which are not readily amenable to summary judgment."). Accordingly, Plaintiffs' Motion for Summary Judgment and William Martucci's Cross-Motion for Summary Judgment are denied for count one of the Complaint.

### B. Count Two: Plaintiff's Tortious Interference with Economic Advantage Claim

Plaintiffs allege that Individual Defendants and Company Defendants have tortiously interfered with Plaintiffs' economic interest by concealing or assisting in concealing the assets of First Unity and E-Cash. To state a claim for tortious interference with prospective economic advantage, a plaintiff must plead that "it had a reasonable expectation of economic advantage that was lost as a direct result of defendants' malicious interference, and that it suffered losses thereby." Lamorte Burns & Co., Inc. v. Walters, 770 A.2d 1158, 1170 (N.J. 2001). Malice in this context means "harm . . . inflicted intentionally and without justification or excuse." Id.

Here, Plaintiffs have not set forth adequate evidence to prevail on summary judgment. While Plaintiffs argue that "Defendants engaged in a scheme to convert the assets of First Unity/E-Cash and conceal the assets by engaging in transfers to hide the money" (Pl.'s Mot. at 9), they have not met their burden of showing that there are no issues of fact surrounding the above elements. For example, Plaintiffs have not established the element of malice. This Court also finds that it is inappropriate to grant summary judgment for the Moving Defendants. While Richard Schaefer, Joseph Schaefer, and Anthony Sterbens assert that summary judgment should be granted in their favor because Plaintiffs have not alleged the existence of a business relationship with First Unity and E-Cash, such a relationship is not the basis of Plaintiffs' claim. Rather, Plaintiffs claim that Individual Defendants and Company Defendants have interfered

with Plaintiffs' ability to collect on the Colorado judgment. Further, while Richard Schaefer, Joseph Schaefer, and Anthony Sterbens argue that Plaintiffs have not suffered any damages, an inability to collect on a judgment can clearly cause damage. William Martucci's Motion is also unpersuasive, as he mostly complains of procedural issues in the Colorado action. Accordingly, all Motions for Summary Judgment are denied for count two of the Complaint.

### C. Count Three: Plaintiff's Conspiracy to Conceal Assets Claim

Plaintiffs assert that Individual Defendants and Company Defendants conspired to transfer and conceal assets of First Unity and E-Cash, MMGI, and UGCHI for the purpose of avoiding, hindering and delaying Plaintiffs' recovery of their Colorado judgment. Under New Jersey law, a civil conspiracy is defined as a "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or an injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 876 A.2d 253, 263 (N.J. 2005) Although Plaintiffs state in their Motion that the Complaint alleges conspiracy to commit money laundering, count three of the Complaint is void of any reference to money laundering. Rather, count three appears to allege conspiracy to fraudulently convey assets. As discussed below, material issues of fact exist as to the fraudulent conveyance claim. Therefore, all Motions for Summary Judgment are denied for count three of the Complaint.

### D. Count Four: Fraudulent Conveyance

Plaintiffs contend that William Martucci fraudulently conveyed the assets of First Unity and E-Cash to himself and others in violation of the New Jersey Uniform Fraudulent Transfer Act ("UFTA"). Under the UFTA "[a] transfer made or obligation incurred by a debtor is fraudulent as

to a creditor . . . if the debtor made the transfer or incurred the obligation [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." N.J.S.A. § 25:2-25. The UFTA sets forth a number of factors that courts may consider when determining the intent behind a transfer:

> [W]hether: [1] The transfer or obligation was to an insider; [2] The debtor retained possession or control of the property transferred after the transfer; [3] The transfer or obligation was disclosed or concealed; [4] Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; [5] The transfer was of substantially all the debtor's assets; [6] The debtor absconded; [7] The debtor removed or concealed assets; [8] The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; [9] The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; [10] The transfer occurred shortly before or shortly after a substantial debt was incurred; and [11] The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

N.J.S.A. § 25:2-26. These factors are known as "badges of fraud." In re Norvergence, Inc., 405 B.R. 709, 732 (Bankr. D.N.J. 2009). The existence of one badge can "cast suspicion on the transferor's intent." Truong v. Kartzman, No. 06-5511, 2007 U.S. Dist. LEXIS 48614, at *11 (D.N.J. July 5, 2007) (citing Gilchinsky v. Nat'l Westminster Bank, 732 A.2d 482, 490 (N.J. 1999)). "Where several badges are established, summary judgment may be entered for a plaintiff." Merrill Lynch Bus. Fin. Servs., Inc. v. Kupperman, No. 06-480, 2010 WL 2179181, at *25 (D.N.J. May 28, 2010) aff'd, 441 F. App'x 938 (3d Cir. 2011); see also Truong, 2007 U.S. Dist. LEXIS 48614 at *11-12 (stating that the finding of several badges in one transaction "generally provides conclusive evidence of an actual intent to defraud").

Here, the UFTA claim involves several disputed issues of fact. First, it is disputed whether the Moving Defendants were "transferees" under the UFTA. Also, while Plaintiffs argue that William Martucci is an insider because he controlled E-Cash and First Unity, as discussed above, this is disputed. Further, while Plaintiffs assert that Barbara Queen and William Martucci

"act as if they are husband and wife" (Pl.'s Mot. at 13), William Martucci claims that this is a lie. As such, all Motions for Summary Judgment are denied for count four of the Complaint.[3]

### E. Count Six: Unjust Enrichment

Plaintiffs assert that "Defendants and Company Defendants in this matter have been unjustly enriched by receiving money converted from First Unity/E-Cash without consideration" (Pl.'s Mot. at 17). As William Martucci does not address this Count in his Motion, this Court will only address Plaintiffs' Motion and the Cross-Motion of Richard Schaefer, Joseph Schaefer, and Anthony Sterbens.

To state a claim for unjust enrichment, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). A plaintiff must also show "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

Here, Plaintiffs claim that Individual Defendants and Company Defendants engaged in a scheme to prevent Plaintiffs from collecting on the Colorado judgment. Such an allegation does not give rise to an unjust enrichment claim, as the alleged benefit was not conferred upon Individual Defendants and Company Defendants directly by Plaintiff. See Arlandson v. Hartz Mountain Corp., 792 F. Supp. 2d 691, 711 (D.N.J. 2011) ("Since a plaintiff must confer a benefit

---

[3] Count five is very similar to count four, but is based on common law. Plaintiffs do not address count five in their Motion for Summary Judgment. William Martucci also fails to mention count five in his Motion. While Richard Schaefer, Joseph Schaefer, and Anthony Sterbens addressed this count in their Motion to Dismiss, they did not make reference to it in their Cross-Motion For Summary Judgment. As such, this Court will not rule on count five at this time.

9

on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that the plaintiff allege a sufficiently direct relationship with the defendant to support the claim." (internal quotations and citation omitted)). Accordingly, Plaintiffs' Motion for Summary Judgment is denied and the Cross-Motion of Richard Schaefer, Joseph Schaefer, and Anthony Sterbens for Summary Judgment is granted for count six of the Complaint.

### F. Counts Seven and Eight: Violation of 18 U.S.C. 1962(c)-(d)

Plaintiffs assert that Individual Defendants and Company Defendants were members of an enterprise or were associated with an enterprise that engaged in a pattern of racketeering activity to conceal money in order to prevent Plaintiffs from satisfying their judgment. As William Martucci does not address this Count in his Motion, this Court will only address Plaintiffs' Motion and the Cross-Motion of Richard Schaefer, Joseph Schaefer, and Anthony Sterbens.

RICO authorizes the filing of a lawsuit by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Section 1962(c) provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Section 1962(d) provides a cause of action against persons who conspired to violate the substantive provisions of (a), (b), or (c).

To state a claim under 18 U.S.C. §§ 1964(c) and (d), Plaintiffs must show that two separate entities exist: "(1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person'

10

referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). To prove the existence of an enterprise, Plaintiffs must show: "1) that the enterprise is an ongoing organization with some sort of framework for making or carrying out decisions; (2) that the various associates function as a continuing unit; and (3) that the enterprise [is] separate and apart from the pattern of activity in which it engages." United States v. Pelullo, 964 F.2d 193, 211 (3d Cir. 1992). The definition of "enterprise" includes "both legal entities and illegitimate associations-in-fact." Rusello v. United States, 464 U.S. 15, 24 (1983).

While Plaintiffs argue in their Motion for Summary Judgment that Individual Defendants and Company Defendants participated in a money laundering scheme in order to prevent Plaintiffs from collecting on the Colorado judgment, Richard Schaefer, Joseph Schaefer, and Anthony Sterbens correctly argue that Plaintiffs have not distinguished between the RICO person and the RICO enterprise. Plaintiffs have set forth no issue of material fact regarding this necessary element in their Motion. Further, even if Plaintiffs had established the existence of an enterprise, they have not set forth any issue of material fact as to whether this enterprise had an independent purpose apart from its alleged criminal actions. See McCullough v. Zimmer, Inc., 382 F. App'x 225, 231 (3d Cir. 2010) (stating that the plaintiffs must show "that [the] alleged enterprise had [a] structure or existence separate and apart from [the d]efendants' alleged criminal conduct"). Accordingly, Plaintiffs' Motion for Summary Judgment is denied and the Cross-Motion of Richard Schaefer, Joseph Schaefer, and Anthony Sterbens for Summary Judgment is granted for counts seven and eight of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **denied** and the Moving Defendants'

Motion is **granted in part and denied in part**. An appropriate Order accompanies this Opinion.

*/s/ Dennis M. Cavanaugh*
Dennis M. Cavanaugh, U.S.D.J.

Date: January 9, 2014

Original: Clerk
cc: All Counsel of Record
Hon. James B. Clark, U.S.M.J.
File