UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> WILLIAM C. MARTUCCI et al., : <br> : <br> Defendants. : | Civil Action No.  11-1459 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before this Court on four motions for reconsideration of this Court's Opinion (the "Opinion") and Order entered on January 9, 2014 by: 1) Plaintiffs Pricaspian Development Corporation, Jack Grynberg and Grynberg Petroleum Company; 2) Defendant Richard Schaefer; 3) Defendant Barbara Queen; and 4) Defendant William Martucci.  For the reasons stated below, the motions will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

Plaintiffs move for reconsideration on the issue of the RICO distinctiveness requirement. In the Opinion, this Court granted Defendants' cross-motion for summary judgment, and

explained the decision as follows:

> While Plaintiffs argue in their Motion for Summary Judgment that Individual Defendants and Company Defendants participated in a money laundering scheme in order to prevent Plaintiffs from collecting on the Colorado judgment, Richard Schaefer, Joseph Schaefer, and Anthony Sterbens correctly argue that Plaintiffs have not distinguished between the RICO person and the RICO enterprise.

(Opinion at 11.) Plaintiffs argue for reconsideration as follows. Plaintiffs argue that they stated in their summary judgment brief that "the Schaefer Defendants operated legitimate ATM businesses and utilized the legitimate ATM businesses to camouflage their illicit money laundering activity." (Pls.' Br. 2.) Plaintiffs then contend that they pointed to evidence supporting their contention that ATMMI and ATMPR had legitimate business purposes. (Pls.' Br. 3-4.) Plaintiffs conclude by arguing that the Court "did not fully consider the legitimate aspects of ATMMI and ATMPR when the court determined Plaintiffs' [sic] did not identify the RICO enterprise." (Pls.' Br. 5.)

Plaintiffs appear to be confused about what is admittedly a challenging area of the law. As this Court explained in the Opinion, the RICO distinctiveness requirement originates in the language of the RICO statute, 18 U.S.C. § 1964(c). (Opinion at 10.) The Supreme Court has held that "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). Thus, as this Court explained, at issue was whether Plaintiffs have adequately alleged and proven the existence of two distinct entities, a RICO person and a RICO enterprise. Plaintiffs, however, seek reconsideration with the argument that this Court overlooked the legitimate purposes of ATMMI and ATMPR. This Court does not see how this is material or

2

even relevant to the distinctiveness requirement. In moving for reconsideration, Plaintiffs do not explain what bearing facts about the legitimate purposes of ATMMI and ATMPR have on the distinctiveness requirement. How do facts which show that ATMMI and ATMPR have legitimate purposes support an inference that there is a RICO person who is distinct from a RICO enterprise? Plaintiffs' reconsideration brief fails to articulate the basis for a conclusion that Plaintiffs have offered evidence sufficient to prove the existence of two distinct RICO entities.

The fact is that it is Plaintiffs that overlooked the RICO distinctiveness requirement. Their moving brief for summary judgment makes no mention of the requirement, nor does it define the RICO person or the RICO enterprise. Nor does Plaintiffs' reply brief address this issue. The reply brief incorporates by reference two previously filed briefs, Docket Entry Nos. 221 and 230. (Pls.' Reply Br. 3.) Of these previously filed briefs, only the brief at Docket Entry No. 221 addresses the RICO distinctiveness requirement – but it is an opposition brief to a motion to dismiss. The upshot is that, as to the motion for summary judgment and the cross-motion for summary judgment now at issue, Plaintiffs neither filed nor incorporated any brief which addressed the RICO distinctiveness requirement in the context of a motion for summary judgment.

The incorporated opposition brief, Docket Entry No. 221, does address Defendant's argument that the RICO claims should be dismissed because the Complaint fails to satisfy the RICO distinctiveness requirement. At no point in this brief do Plaintiffs even define the RICO person or the RICO enterprise. Plaintiffs have not given this Court any basis to conclude that the RICO distinctiveness requirement has been adequately alleged and supported by evidence.

There is no basis for reconsideration.

Defendant Richard Schaefer moves for reconsideration of this Court's denial of his cross-motions to dismiss and for summary judgment on the third through fifth counts in the Complaint. Schaefer contends that the Court overlooked his argument that the third through fifth counts against him should be dismissed because no further relief against him under the UFTA is available. It is true that the Opinion does not expressly address this argument, but it is more likely that it was rejected as meritless rather than overlooked. The issues here are quite straightforward. The Complaint alleges an existing judgment debt, and fraudulent transfers to frustrate the judgment levy. While it is true that Plaintiffs may not obtain a double recovery, the fraudulent transfer to escape payment of the debt is legally distinct from the judgment debt itself. Schaefer has not persuaded this Court that he is entitled to dismissal of the UFTA claims on the ground that they are legally redundant. His motion for reconsideration will be denied.

Defendant Barbara Queen moves for reconsideration in a moving brief that contains two pages of text. It appears that Queen seeks reconsideration on the ground that Plaintiffs failed to offer evidence sufficient to prove fraud. This does not appear to be a proper ground to seek reconsideration. Queen's original moving brief (Docket Entry No. 219) did not make this argument. A party cannot obtain reconsideration based on a new argument, and Queen's motion for reconsideration will be denied.

Defendant William Martucci moves for reconsideration in a moving brief that contains one-half page of argument which appears substantially identical to that submitted by Queen. As with Queen, Martucci's original moving brief (Docket Entry No. 225) did not make this argument. A party cannot obtain reconsideration based on a new argument, and Martucci's

4

motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 9th day of September, 2014

**ORDERED** that the motion for reconsideration by Plaintiffs Pricaspian Development Corporation, Jack Grynberg and Grynberg Petroleum Company (Docket Entry No. 297) is **DENIED**; and it is further

**ORDERED** that the motion for reconsideration by Defendant Richard Schaefer (Docket Entry No. 298) is **DENIED**; and it is further

**ORDERED** that the motion for reconsideration by Defendant Barbara Queen (Docket Entry No. 306) is **DENIED**; and it is further

**ORDERED** that the motion for reconsideration by Defendant William Martucci (Docket Entry No. 307) is **DENIED**.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge