# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION et al., | : |
| Plaintiffs, | : Civil Action No. 11-1459 (SRC) |
| v. | : **OPINION & ORDER** |
| WILLIAM C. MARTUCCI et al., | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before this Court on Plaintiffs' motion for leave to file an amended Complaint. For the reasons stated below, the motion will be denied.

Previous versions of the Complaint had asserted claims against Defendant Gary Martucci. After this Court received notice that Gary Martucci had filed for bankruptcy, it entered the Order of November 15, 2016, which stayed all claims against Gary Martucci. Plaintiffs have now moved to amend the Complaint to reassert the claims against Gary Martucci, and point to an order of the Bankruptcy Court, dated June 30, 2017, dismissing Gary Martucci's bankruptcy petition. After Plaintiffs filed this motion, Gary Martucci filed a letter which stated that he is "totally confused" by the motion. (Docket Entry No. 497.)

Federal Rule of Civil Procedure 15(a)(2) states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Under Third Circuit law:

> Futility is also a sufficient ground to deny leave to amend. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be

granted.

In re Merck & Co. Sec., Derivative & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007) (citations omitted). Because the Court finds that the proposed Fifth Amended Complaint could not withstand a motion to dismiss for failure to state a claim upon which relief could be granted, the Court concludes that amendment is futile, and the motion for leave to amend will be denied.

This Court has, on several occasions, issued decisions that various versions of the Complaint in this case have failed to plead sufficient facts to raise the right to relief above the speculative level, as required by Iqbal. This remains true of the proposed Fifth Amended Complaint. The Fifth Amended Complaint alleges, in brief, that, on unspecified occasions, dismissed Defendants William Martucci, Barbara Queen, and Yamel Gonzalez transferred at least $8 million to Gary Martucci. Plaintiffs' brief states that this is the factual basis for their claims against Gary Martucci. (Pls.' Br. 6.) The proposed Fifth Amended Complaint asserts these claims against Gary Martucci: 1) tortious interference with economic interest; 2) conspiracy to conceal assets to avoid recovery of a judgment; 3) fraudulent conveyance; 4) fraudulent conveyance; 5) unjust enrichment; 6) RICO violation; and 7) RICO violation.

The proposed Fifth Amended Complaint does not meet the pleading standard established by the Supreme Court in Twombly: a Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47,

78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted); see also Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The factual allegations in the proposed Fifth Amended Complaint do not plausibly give rise to an entitlement to relief. This Court finds that the proposed Fifth Amended Complaint could not withstand a motion to dismiss for failure to state a valid claim for relief, and that amendment is futile. The motion for leave to amend will be denied.

For these reasons,

**IT IS** on this 22nd day of August, 2017

**ORDERED** that Plaintiffs' motion for leave to amend the Complaint (Docket Entry No. 492) is **DENIED**.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge