NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRICASPIAN DEVELOPMENT CORPORATION et al., | : :  : |
| Plaintiffs, | : Civil Action No. 11-1459 (SRC) : |
| v. | : **OPINION** : |
| WILLIAM C. MARTUCCI et al., | : : : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for reconsideration of this Court's Opinion (the "Opinion") and Order entered on August 22, 2017 by Plaintiffs Pricaspian Development Corporation, Jack Grynberg and Grynberg Petroleum Company (collectively, "Plaintiffs.") No opposition has been filed. For the reasons stated below, the motion will be denied.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

In the Opinion and Order filed August 22, 2017, this Court had denied Plaintiff's application for leave to file an Amended Complaint. In short, this Court found that the proposed

Fifth Amended Complaint failed to state a valid claim upon which relief may be granted, and could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs move for reconsideration on two grounds: 1) this Court failed to follow the three-step analysis established by the Third Circuit in Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016), by not identifying the insufficient allegations; and 2) the Court did not apply the Iqbal plausibility standard.

On July 21, 2014, this case was reassigned to the present Court. On September 21, 2016, this Court issued its first Opinion and Order in which it explained the deficiencies of the Amended Complaint under Twombly. Plaintiff subsequently filed the Fourth Amended Complaint. On May 27, 2017, this Court issued an Opinion and Order in which, *inter alia*, it granted several motions to dismiss the Fourth Amended Complaint. That Opinion and Order has pages of discussion detailing the deficiencies of the Fourth Amended Complaint under Twombly. On August 22, 2017, this Court filed the Opinion and Order for which reconsideration is sought, and it held that the proposed Fifth Amended Complaint still did not satisfy the requirements of Iqbal and Twombly. It is true that, this being the third time around for this Court, the Court did not offer an analysis as detailed as those it had offered previously.

Plaintiffs' motion for reconsideration offers nothing that Plaintiffs have not said repeatedly before. There is nothing new here, nothing that this Court has overlooked, that warrants reconsideration. Plaintiffs "simply seek[] to re-litigate arguments that the District Court has already rejected." Baldinger v. Ferri, 674 F. App'x 204, 206 (3d Cir. 2016).

The motion for reconsideration is denied.

This completes the proceedings in this case in this Court. There remain no active claims.

After the motion for reconsideration was filed, three Defendants separately filed motions (Docket Entry Nos. 504, 505, 506) to dismiss the complaint for failure to state a valid claim for relief, pursuant to Rule 12(b)(6). Because there is and was no active claims or complaint against any Defendant, these motions are a nullity.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 15, 2017